45400. HARDEGREE v. GENERAL FIRE & CASUALTY COMPANY et al.

HALL, Presiding Judge. The Board of Workmen's Compensation made and the superior court affirmed an award to the claimant holding that she had suffered a compensable injury on February 6, 1969, and that she had fully recovered from this injury on February 24, 1969. The claimant appeals contending that a subsequent period of disability also arose out of and in the course of her employment.

The evidence was sufficient to support the following findings of the deputy director: *"From consideration of all the evidence I find as a matter of fact that claimant was susceptible to soreness of the upper back muscles prior to her injury and had experienced pain there about a week prior to February 6; that on that date she incurred a muscle pull while handling a relatively light vegetable basket at work, which constituted an accident and injury arising out of and in the course of her employment, and that this disabled her until February 24, 1969, when she had recovered from the effects of that slight injury; and that any disability she has had to her upper back since February 24 is the result of other slight muscle pulls, such as she experienced at home on February 25, aggravating the condition which pre-existed her work accident."*

We affirm under the "any evidence" rule.

*Judgment affirmed. Jordan, P. J., Eberhardt, Pannell, Deen and Quillian, JJ., concur. Whitman, J., concurs in the judgment. Bell, C. J., and Evans, J., dissent.*

ARGUED JUNE 9, 1970—DECIDED SEPTEMBER 8, 1970.

*George & George, William V. George,* for appellant.

*Gambrell, Russell, Moye & Killorin, Edward W. Killorin, Lloyd Sutter,* for appellees.

EVANS, Judge, dissenting. The appellant claims that the workmen's compensation award was based "on erroneous conclusions as to what the evidence was," "on conjecture," and that the evidence was insufficient to support the award. The gist of the errors enumerated is that the award was not sufficient in that compensation was awarded only for approximately three weeks on a back strain, the deputy director finding that the claimant was "susceptible to soreness of the upper back muscles prior to her injury," and further finding that she recovered from the effects of the injury and thereafter suffered other disability *not* arising out of or in the course of her employment. The appellant was dissatisfied with the award because it was not held that the later period of disability likewise arose out of and in the course of her employment. Examination of the record discloses that the findings of fact of the deputy director, approved by the full board, and thereafter affirmed by the superior court, included the following: "on February 25, her back had another pain in it *when she tried to* get up from a sofa at home," and he summed up the evidence by holding: "that any disability she has had to her upper back since February 24 is the result of other slight muscle pulls, *such as she experienced at home on February 25,* aggravating the condition which pre-existed her earlier accident." (Emphasis supplied.)

These findings are not borne out by the evidence which merely establishes that the appellant had additional pain in her back on February 24, 1969, while sitting on a sofa, talking to her mother. She stated: "I was sitting on the sofa, talking to my mother-in-law, and I had the same kind of sharp pain in my back. *I wasn't doing anything but sitting there* and I tried to get up and I couldn't get up." (Emphasis supplied.)

The statute required a filing of the findings of fact and other matters pertinent to the questions at issue. *Code* § 114-707. Clearly, these were erroneous findings of fact by the deputy director, thereafter affirmed by the full board and by the lower court on appeal. The "any evidence rule" can not apply since the board is required by law to record its findings of fact as opposed to the findings of a jury, or a court without the intervention of a

jury. The award must be supported by the findings of fact. The findings of fact must be based on evidence, and mere conjecture does not constitute evidence upon which such findings are based. See *Code* § 114-707; *Lathem v. Hartford Accident &c. Co.,* 60 Ga. App. 523, 527 (3 SE2d 916); *U. S. Fidelity &c. Co. v. Brown,* 68 Ga. App. 706 (3) (23 SE2d 443); *Woodruff v. American Mutual Liability Ins. Co.,* 67 Ga. App. 554, 560 (21 SE2d 298). While it is true the board might reach the same result after excluding the "conjecture" or its erroneous conclusions as to what was the evidence, since there was some evidence to support the award, nevertheless, we cannot say these erroneous findings of fact did not influence the award.

The case should be recommitted to the board for consideration of the case without conjecture and misinterpretation of evidence.

I therefore dissent.